TROESCHER v. COSGROVE et al.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. ASSIGNMENT FOR CREDITORS—FRAUD—OMISSION FROM INVENTORY.
   The omission of certain personal property from the inventory and schedules, filed at the time of an assignment for benefit of creditors, is not in itself an evidence of fraud sufficient to warrant setting the assignment aside, in the absence of other evidence of fraudulent intent, where the property was in fact turned over to the assignee.

2. SAME.
   If, after the property is delivered to the assignee under an assignment for creditors, he allows it to escape from his possession, the assignment is not invalidated.

Appeal from special term.

Action by Anna Estelle Troescher against Thomas J. Cosgrove and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

L. L. Kellogg, for appellants.
Joseph Fettretch, for respondent.

VAN BRUNT, P. J. This action was commenced to set aside an assignment for the benefit of creditors made by one Thomas J. Brennan to the defendant upon the ground of fraud. After a trial, the court having found that the assignment was made with intent to hinder, delay, and defraud the creditors of Brennan, a judgment was entered setting the assignment aside, from which judgment this appeal is taken. The fraud which was claimed to be established consisted in the alleged intentional omission of certain personal property from the inventory and schedules filed by Brennan (who has since deceased) after the making of his assignment. This personal property consisted of certain fixtures and fittings located upon and used in connection with certain apartment houses which were included in the assignment from Brennan to the defendant, and comprised carpets, awnings, gas ranges, drying frames, shades, refrigerators, gas fixtures, gas logs, ash cans, etc. Upon the making of the assignment the assignee went into possession of these apartment houses, together with the personal property above mentioned. Upon the real estate was a mortgage, and subsequent to the assignment, and after the time when the assignee had taken possession of the assigned estate, including the personal property above mentioned, the mortgage was foreclosed, and the plaintiff bought the same, and took possession of said apartment house, together with said personal property. In the inventory and schedules filed by said Brennan this personal property was not included. He being dead, it is impossible to ascertain from him the reasons why it was not included, notwithstanding the fact that it was delivered over to the assignee, who went into possession thereof, together with the other assigned property. In April, 1898, the assignee commenced an action against the plaintiff, after a demand duly made, to recover damages for a conversion of said personal property. Thereupon, in June, 1898, the plaintiff commenced this action to set aside the assignment, because of the fraud, apparently, in allowing her to take possession of this property. Upon this state of facts the court held that a fraud had been committed, but seems to have failed to distinguish between the results of a fraud in an assignment and a fraud upon an assignment. There is no evidence upon which can be predicated any fraudulent intent by the assignor at the time of the making of the assignment. He delivered all his property over to the assignee; the assignee went into possession of it, and remained in possession of it, and the assignor never had any interest in it thereafter; and yet, merely because it was omitted from the schedules, the assignment is declared to be void. It

is undoubtedly true that omission from the schedules, coupled with the failure to hand over property to the assignee, might form the basis of a conclusion that the assignment was made with a fraudulent intent. But no case can be found where a fraudulent intent in the making of an assignment upon the part of an assignor has been established, where the assignee has received all the property, merely because the assignor has omitted some of the property from the inventory or schedules. Fraud must be proven, not presumed; and, if an honest intent is as consonant with the facts as a fraudulent one, the court is in duty bound to draw the inference which will sustain the instrument. In the case at bar there is not a single element of proof that Brennan had any fraudulent intent at the time he made this assignment. He delivered all his property over to the assignee, and, if the assignee subsequently allowed any part of it to escape from his possession, it in no way impairs the validity of the instrument under which he took title. That is a question relating to the administration of his trust by the assignee. It seems to be apparent that the awakening of the plaintiff to the fraud of the assignor was occasioned by the fact that the assignee was endeavoring to reclaim possession of property which he had been advised that the plaintiff had no right to retain.

Judgment should be reversed, and a new trial ordered, with costs. to the appellant to abide the event. All concur.